IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERESA L. MANS                                                      PLAINTIFF

vs.                                Civil No. 2:13-cv-02103

CAROLYN COLVIN                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

        Teresa L. Mans ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

        Plaintiff filed her application for SSI on May 26, 2010. (Tr. 13, 186-189). Plaintiff alleged she was disabled due to depression, anxiety, post traumatic stress disorder ("PTSD"), panic disorder, and lower back and neck problems. (Tr. 213). Plaintiff alleged an onset date of May 26, 2010. (Tr. 51). Plaintiff's SSI application was denied initially and at the reconsideration levels. (Tr. 125-126).

        Plaintiff then requested an administrative hearing on her application. (Tr. 132). This hearing was held on January 6, 2012 in Fort Smith, Arkansas. (Tr. 48-67). Plaintiff was present and was

---

[1] The docket numbers for this case are referenced by the designation "ECF. No." The transcript pages for this case are referenced by the designation "Tr."

represented by counsel, Abbie Rice, at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-five (35) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c)(2009). (Tr. 51). The Plaintiff testified she had obtained a General Equivalency Diploma ("GED"). (Tr. 52).

On April 13, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 26, 2010, the application date. (Tr. 15, Finding 1). The ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, hepatitis C, a major depressive disorder, and an anxiety disorder. (Tr. 15, Finding 2). The ALJ also determined, however, the Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of light work except able to perform only simple tasks with simple instructions and cannot tolerate more than incidental contact with public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 5). The ALJ determined Plaintiff was able to perform her PRW as a poultry eviscerator. *Id.* Alternatively, the ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20-21, Finding 5). The vocational expert ("VE") testified at the

administrative hearing regarding this issue. (Tr. 64-66). Based upon the VE's testimony, the ALJ determined Plaintiff retained the ability to perform other work such as machine tenders with 2,607 such jobs in Arkansas and 250,607 such jobs in the nation; production and assembly work with 1,231 such jobs in Arkansas and 79,877 such jobs in the nation; and inspectors, checkers, examiners, and weighers with 167 such jobs in Arkansas and 13,190 such jobs in the nation. (Tr. 21, Finding 5). The ALJ then used Medical-Vocational Guidelines Rule 202.20 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.20. (Tr. 21). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, from May 26, 2010, through the date of the decision. (Tr. 22, Finding 6).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 8). On February 12, 2013, the Appeals Council declined to review this decision. (Tr. 1-3). On April 12, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 12, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10, Pg. 1-15. Specifically, Plaintiff claims the ALJ erred: (1) in failing to fully and fairly develop the record, (2) in failing to evaluate Plaintiff's primary impairment which was personality disorder, and (3) the ALJ erred in his residual functional capacity determination. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11. The Court will address each of the arguments Plaintiff has raised.

   **A.   Development of the Record**

Plaintiff claims the ALJ failed to fully and fairly develop the record as to her severe impairment of degenerative disc disease. ECF No. 10, Pg. 5-8. Plaintiff specifically claims the ALJ should have ordered a physical Consultative Examination, either general or orthopaedic, because the severe impairment required examining source medical development. *Id.* at 8.

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995) (ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983)). The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828,

830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC. The ALJ in this case did not seek a Consultative Examination to determine the Plaintiff's physical limitations. An ALJ is not required to order a consultative evaluation; he "simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Matthews v. Bowen,* 879 F.2d 422, 424 (8th Cir. 1989); *see also Haley*, 258 F.3d at 749 (ALJ need not order additional examinations if there is substantial evidence in the record to make an informed decision). The Court must determine if the lack of a physical Consultative Examination is unfair or prejudicial.

The Court has reviewed the medical evidence in the record related to Plaintiff's degenerative disc disease. (Tr. 286-508). Submitted into the record was an MRI study of her cervical spine conducted prior to the application date, and it revealed only small disc bulges at the C4-5 and C5-6 levels with a tiny disc protrusion at the C6-7 level. (Tr. 325, 345). During the relevant time period which is from May 26, 2010, the application date, through April 13, 2012, the date of the decision, Plaintiff went to the emergency room at Johnson Regional Medical Center ("JRMC") twice. On July 4, 2010 she complained of fever and low back pain. (Tr. 436). An X-ray was ordered, and she was ultimately diagnosed with only viral syndrome. (Tr. 437). Her treatment included rest, fluids, and Tylenol or Ibuprofen. *Id.* Plaintiff returned to JRMC on September 7, 2010 and again complained of low back pain. (Tr. 443). She was diagnosed with exacerbation of chronic back pain. (Tr. 444).

The emergency room physician decided to treat her conservatively with Flexeril and Norco. *Id*.

The Court concurs with the ALJ's determination that despite having degenerative disc disease, she sought no further medical treatment for back pain for nearly nine months. (Tr. 18). In addition, the Plaintiff sought treatment only twice during the relevant time period. (Tr. 436-437, 443-444). Without evidence she has been denied medical treatment due to financial constraints or she attempted to obtain low cost or no cost treatment, an argument about lack of funds will not succeed. *See Clark* , 28 F.3d at 831; *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992). There is no evidence in the record she required a referral to a specialist or more extensive treatment such as surgery for her degenerative disc disease. (Tr. 286-508). The ALJ considered Plaintiff's activities of daily living, and in her Function Report dated June 16, 2010, Plaintiff reported she is able to prepare simple meals, mow the lawn, and wash dishes. (Tr. 246). She also attends appointments, goes shopping, and watches television. (Tr. 247-248).

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). In this case, the Court finds any error in failing to develop the record to obtain a physical Consultative Examination was harmless.

### B.  Steps Two and Three of the Analysis

Plaintiff claims the ALJ erred at Steps Two and Three of the sequential analysis by not making a determination as to the severity of the Plaintiff's personality disorder, not reviewing whether it met or equaled a listing, specifically listing 12.08, and not performing the Psychiatric Review Technique ("PRT") in regards to the Plaintiff's personality disorder. (Tr. 8). A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability

7

to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 416.920(c)). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921. Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record. *Johnston v. Apfel*, 210 F.3d 870, 875 (8th Cir. 2000); *see also Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (Plaintiff bears the burden to establish severe impairments at Step Two of the sequential evaluation).

In Finding 2, the ALJ ultimately determined only the Plaintiff's impairments of degenerative disc disease of the cervical spine, hepatitis C, major depressive disorder, and anxiety disorder were severe because singly, and in combination, they significantly limit [her] ability to perform basic work activities. (Tr. 15). The Court finds the ALJ did not fail to evaluate the Plaintiff's personality disorder at Step Two, but rather found it to be a nonsevere impairment.

There is evidence in the decision showing the ALJ considered her personality disorder. For instance, the ALJ wrote, "Although [Dr. Peacock] found the [Plaintiff] might well be experiencing symptoms of anxiety and depression as well as personality disorder, he noted these results were invalid considering [her] apparent malingering on the cognitive portion of the evaluation." (Tr. 19). In addition, Dr. Peacock assigned a rule out diagnosis of major mood disorder and social phobia with a strong indication of a personality disorder. *Id.* The ALJ assigned Dr. Peacock's opinion as to the rule out diagnosis significant weight, however, none of his findings would prevent the Plaintiff from performing unskilled work. *Id.* The ALJ was specific in his analysis of Plaintiff's mental impairments, and even if Plaintiff had an additional severe mental impairment, the evidence of

record does not suggest additional functional limitations beyond those the ALJ specified in his RFC determination.

The ALJ continues to discuss the Plaintiff's psychiatric treatment and details the evidence supporting major depressive disorder and anxiety as the only severe mental impairments. (Tr. 17-20). While acknowledging Dr. Reid diagnosed the Plaintiff with personality disorder, the Court agrees with the ALJ's assignment of little weight to Dr. Reid's medical opinion because it is inconsistent with therapy, medication management, and the opinions provided by Drs. Efird and Peacock. (Tr. 19-20, 464). Based on the foregoing, the Court finds there is substantial evidence to support the ALJ's determination to make Plaintiff's personality disorder a nonsevere impairment.

At Step 3, the Plaintiff has the burden of proof to establish her impairments meet or equal a listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-531 (1990) (superseded by statute on other grounds). In order to meet a listing, the impairment must meet all of the listing specified criteria. *Id.* at 530. "An impairment that manifests only some of these criteria, no matter how severely, does not qualify." *Id.* The claimant "must present medical findings equal in severity to all the criteria for the one most similarly listed impairment." *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995).

In Finding 3, the ALJ determined the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 15). The ALJ specifically found the severity of her mental impairments do not meet or medically equal the criteria of listings 12.04 or 12.06. *Id.* The Court acknowledges the ALJ did not explicitly evaluate listing 12.08, but it is unnecessary because the Plaintiff's personality disorder was found to be a nonsevere impairment in Finding 2. (Tr. 15).

Nevertheless, in the Eighth Circuit, while it is preferable an ALJ address a specific listing,

the failure to do so is not reversible error if the record supports the overall conclusion. *See Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir.2003). Therefore, as long as the record supports the "overall conclusion" that Plaintiff does not meet the requirements of any of the listings, the ALJ did not err by failing to provide his rationale. The ALJ specifically evaluated listings 12.04 and 12.06 and completed a PRT analysis. (Tr. 15-17). The PRT is required in evaluating "mental impairments." 20 C.F.R. § 416.920a(a). When mental impairments are present, the PRT is mandatory. *Id.* ("[W]hen we evaluate the severity of mental impairments . . . we must follow a special technique at each level in the administrative review process."); *Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007). The PRT must be documented in the ALJ's written decision, including the findings and conclusions based on the PRT. 20 C.F.R. § 416.920a(e)(4). The technique involves determination of whether there is a mental impairment followed by a rating of the degree of functional limitation resulting from the mental impairment. *Nicola*, 480 F.3d at 887.

The ALJ completed a PRT and determined her activities of daily living has only mild restriction. (Tr. 16). The ALJ cited to the Plaintiff's report to Dr. Peacock stating she feeds the dog, does laundry, handles her own finances, and does her own shopping. *Id.* At the hearing, she testified she sleeps a lot and showers once or twice a week. *Id.* In social functioning, the ALJ found she has moderate difficulties due to her spending most of her time in her room, avoidance of social contact, and leaving a recent job because of social discomfort. *Id.* At the hearing, she testified she lives with her boyfriend, but avoids other social contact. *Id*. The ALJ decided she has moderate difficulties with concentration, persistence, or pace. (Tr. 16). The ALJ cited to Dr. Peacock's finding she was at least in the low average range of intelligence, her reported memory problems, and her ability to work in the past and handle her own finances. *Id.* The claimant testified she obtained her GED, she

could read and write, make change, do simple math, and completed the disability forms with assistance. *Id.*

The PRT analysis provided by the ALJ reveals the Plaintiff would not have met the requirements of listings 12.04 and 12.06, and the Court concurs with his decision. Due to the fact the B criteria sections of listings 12.04, 12.06, and 12.08 are identical and are required to meet or medically equal either listing, the Court finds an evaluation of listing 12.08 would not change the Step 3 determination. 20 C.F.R. Part 404, Subpart P, Appendix 1. Based on the foregoing, the record supports the ALJ determination that the Plaintiff did not meet or medically equals any of the listed impairments.

### C. RFC Determination

Plaintiff claims the ALJ erred in his RFC determination because there is no substantial evidence to support it with the primary focus upon the physical RFC. ECF No. 10, Pg. 11. The ALJ determined the Plaintiff had the RFC to perform light work[2] as defined in 20 C.F.R. 416.967(b) except [she] is able to perform only simple tasks with simple instructions and cannot tolerate more than incidental contact with the public. (Tr. 17). RFC is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. § 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating

---

[2]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing *Lauer*, 245 F.3d at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam) ("To the extent [claimant] is arguing residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. *Cox,* 495 F.3d at 620, 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

Previously mentioned above, the Plaintiff received medical care for her physical impairments during emergency room visits. (Tr. 436-437, 443-444). She required only conservative treatment of prescription medications and a referral to a specialist was not found to be necessary. *Id.* Despite having degenerative disc disease diagnosed by an MRI study of her cervical spine, she sought no further medical treatment for back pain for nearly nine months. (Tr. 298-346). In addition, the Plaintiff sought treatment only twice during the relevant time period. (Tr. 436-437, 443-444). The Court finds the above records constitute substantial evidence to support the ALJ's RFC of light work. (Tr. 17-20). For the reasons stated above, an award of benefits is unwarranted**.**

**4. Conclusion**:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of July 2014.**

>  /S/ Barry A. Bryant
> HONORABLE BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE